IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:09cr112-MHT |
| | ) | (WO) |
| TIOMBE HARRIS | ) | |

OPINION AND ORDER

In 2014, Amendment 782 to the United States Sentencing Guidelines revised the guidelines applicable to the drug-trafficking offense for which this court sentenced defendant Tiombe Harris. The Sentencing Commission simultaneously promulgated Amendment 788, making Amendment 782 retroactive. This court established a Retroactivity Screening Panel to determine whether a defendant might be eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

Harris's case was submitted for review, but the Panel was unable to reach a unanimous recommendation due to a disagreement over the applicable law--namely, whether the Eleventh Circuit's holding in United States v. Glover, 686 F.3d 1203 (11th Cir. 2012), that a

below-mandatory-minimum sentence cannot be reduced based on a retroactive amendment to the Guidelines, was abrogated by the Commission's subsequent promulgation of Amendment 780, which states that a reduction should be made without regard to the mandatory minimum when the court originally departed below it based on a substantial-assistance motion.

This court recently held that eligibility for a sentence reduction is governed by Amendment 780. See United States v. Morris, No. 3:07CR261-MHT, -- F. Supp. 3d --, 2015 WL 7756138 (M.D. Ala. Dec. 2, 2015). In accordance with Morris, Harris is eligible for a reduction. Furthermore, the court finds that a reduction is warranted in Harris's case. The Panel found that there are no public safety or post-sentencing conduct issues that would preclude the defendant from being considered for a reduced sentence.

Pursuant to this court's order, the Retroactivity Screening Panel calculated that, under Morris, an appropriate reduced sentence would be 46 months on

2

count one and 60 months on count two, to run consecutively, for a total term of 106 months. The court agrees that this is an appropriate reduced sentence.*

* * *

After conducting an independent and de novo review of the record, it is ORDERED, pursuant to 18 U.S.C. § 3582(c)(2), that the sentence of imprisonment of 135

---

\* The court raised with the parties the question whether the amount by which Harris's amended sentence is "comparably less" than the amended guideline range should be calculated on the basis of levels, as in the Retroactivity Screening Panel's revised recommendation (doc. no. 67), or on the basis of percentages, as in U.S.S.G. § 1B1.10(b)(2)(B) & cmt. n. 4(B).  See Order (doc. no. 68).  Based on the representations of the parties at a telephonic hearing held on the record on January 14, 2016, the court has decided to employ the Panel's method of calculation for the purposes of this case, because the practical difference in the resulting reduction will be minimal (in light of Harris's accrual of good-time credit), and the court and Probation believe that a slightly longer timeframe for release will serve Harris's interests by increasing the likelihood that he can participate in pre-release reentry programming.  This decision should not, however, be taken as an endorsement of the level-wise over the percentage-wise approach to calculating "comparably less" sentences in all cases in which there is a disparity between the two.

months previously imposed on defendant Tiombe Harris, as reflected in the last judgment issued, is reduced to 106 months.

DONE, this the 15th day of January, 2016.

                                                  /s/ Myron H. Thompson
                                                **UNITED STATES DISTRICT JUDGE**