IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:09cr112-MHT |
| | ) | (WO) |
| TIOMBE HARRIS | ) | |

ORDER

Upon consideration of defendant Tiombe Harris's motion to vacate, set aside, or correct his sentence (doc. no. 75), it is ORDERED that the clerk of the court is to arrange for a telephone conference to discuss how the court should proceed on this motion.

It is further ORDERED that counsel for defendant Harris is to consider the following in preparing for this telephone conference:

(1) Whether the argument presented in the motion, that the court "erred, under Tapia v. United States, 131 S. Ct. 2382 (2011), by imposing a 'slightly longer' reduced sentence that would promote Mr. Harris' participation in pre-release reentry programs," is foreclosed by United States v. Maiello, 805 F.3d 992 (11th Cir. 2015).

    (2) Whether, as the court suggested during a telephone conference, relief may be available to defendant Harris on the ground that the court's original decision to reduce his sentence to a total term of 106 months (based on a level-wise rather than percentage-wise calculation method) was based on an erroneous factual finding that the release date projected by the Bureau of Prisons does not already factor in all good-time credit a defendant could possibly accrue during his sentence.*

   DONE, this the 26th day of April, 2016.

                                   /s/ Myron H. Thompson  
                              **UNITED STATES DISTRICT JUDGE**

---

    * Harris's motion continues to reflect confusion as to this point, in erroneously suggesting that Harris would be released prior to his projected release date on account of good-time credit. The motion also suggests that a sentence reduction of a certain number of months will move a defendant's projected release date earlier by that same number of months. This is incorrect. Actually, the effective sentence will be shortened by less than that amount, because the defendant's projected release date already accounted for good-time credit he will not now be able to accrue during the months in which he will no longer be incarcerated.